

Pro Se Plaintiff
Crystal L. Cox
**(406) 624-9510**
PO Box 2027
Port Townsend, WA 98368


Eastern District of Pennsylvania

# 13    3028

Case Number Pending
Complaint / Jury Demand


Crystal L. Cox, Plaintiff
1 - 50 John and Jane Doe Plaintiffs

v.

Defendant(s)

SERVE:

**Defendant Jordan Rushie, personally and professionally**
Mulvihill and Rushie LLC
2424 E York St #316
Philadelphia, PA 19125

**Defendant Mulvihill and Rushie LLC**
2424 E York St #316
Philadelphia, PA 19125

**Defendant Roxanne Grinage, personally and professionally**
PO Box 22225
Philadelphia PA 19136

**Defendant Randazza Legal Group**
2 S. Biscayne Blvd
Suite Number 2600
Miami, FL 33131

1

**Defendant Marc J. Randazza, personally and professionally**
6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118


**Defendant Greenberg Traurig**
333 SE 2nd Avenue
Suite 4400
Miami, FL 33131

**Defendant Proskauer Rose**
2255 Glades Rd
Boca Raton, FL 33431

**Defendant Matthew M. Triggs,** Personally and Professionally
2255 Glades Rd
Boca Raton, FL 33431

**Defendant WIPO, Peter L. Michaelson personally and professionally**
590 Madison Ave.
18th Floor
New York, New York 10022
And
15 Holly Tree Lane, Suite E
Rumson, New Jersey 07760-1950

**Defendant Kashmir Hill, personally and professionally,**
250 Montgomery Street, Suite 800
San Francisco, CA 94104

**Defendant WIPO, World Intellectual Property Organization**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Francis Gurry WIPO, personally and professionally**
34, chemin des Colombettes

P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Eric Wilbers WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Tracy L. Coenen, personally and professionally**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202
414.727.2361 Phone

**Defendant Sequence Inc.**
111 East Wisconsin Avenue, Suite 1230
Milwaukee, WI 53202

**Defendant David Carr, personally and professionally**
The New York Times
620 Eighth Avenue
New York, NY 10018

**Defendant New York Times**
620 Eighth Avenue
New York, NY 10018

**Defendant Edward Kwakwa WIPO, personally and professionally**
34, chemin des Colombettes
P.O. Box 18
1211 Geneva 20
Switzerland

**Defendant Forbes Inc.,**
60 5thAvenue
New York, NY 10011
Phone: 212-620-2200
AND

West Coast Office:
250 Montgomery Street, Suite 800
San Francisco, CA 94104
Phone: 415 544 4800

**Defendant Kevin D. Padrick, personally and professionally**

Obsidian Finance Group, LLC
5 Centerpointe Dr.
Suite 590
Lake Oswego, Oregon 97035
**Defendant David S. Aman, personally and professionally**
1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Steven Wilker, personally and professionally**

1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant Tonkon Torp Law Firm,**

1600 Pioneer Tower
888 SW Fifth Avenue
Portland Oregon 97204
Phone: 503.221.1440

**Defendant David Coursey, personally and professionally**
**Forbes Contributor**
**1528 Tamarisk Lane**
**Tracy, CA, 95377-8273**

**Defendant Bob Garfield, personally and professionally**
160 Varick St.
New York, NY 10013

**New York Public Radio**

160 Varick St.
New York, NY 10013
AND
New York Public Radio, On the Media,
wNYC, New York Public Radio
160 Varick St.
New York, NY 10013

**Defendant Jason M. Jones, personally and professionally**
The Salty Droid Blog
47 West Polk Street
Suite 100-293
Chicago, IL 60605-2085

**Defendant Multnomah County Sheriff Office**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Daniel Staton, Sheriff**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Marshall Ross, Senior Deputy, personally and professionally**
501 SE Hawthorne Blvd., Suite 350

Portland, Oregon, 97214

**Defendant Judge Gloria Navarro,**
Las Vegas Courts
333 Las Vegas Blvd. S.
Room 3071
Las Vegas , NV   89101

**Defendant Stephen Lamont**
P. Stephen Lamont
175 King Street
Armonk, N.Y. 10504

**Defendant Kenneth Rubenstein**

**Defendant Gregg Mashberg**
**Defendant Joseph Lecesse**
**Defendant Jenifer DeWolf Paine**
Eleven Times Square
(Eighth Avenue & 41st Street)
New York, NY 10036-8299

**Defendant Douglas Melamed, Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Steven R. Rodgers Intel**
2200 Mission College Blvd.
Santa Clara, CA 95054-1549

**Defendant Warner Bros.**
4000 Warner Blvd
Burbank, CA 91522

**Defendant Bob Parsons Godaddy**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Godaddy Inc.**
14455 N Hayden Rd #219
Scottsdale, AZ 85260

**Defendant Jessica Griffith**
Scottsdale Arizona

**Defendant Michael Whiteacre aKa Ari Bass**
Scottsdale, AZ 85260

**Defendant Ronald D. Green**
6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118

**Defendant J. Malcom DeVoy**

6525 W. Warm Springs Rd, Ste100
Las Vegas, NV 89118

**Defendant Sean M. Tompkins**
San Antonio, TX 78023

**Defendant Manwin**
2300 West Empire Avenue, 7th Floor
Burbank, CA 91504

**Defendant Mark Bennett,** personally and professionally
735 Oxford Street,
Houston, Texas 77007

**Defendant Bennett and Bennett Law Firm**
735 Oxford Street,
Houston, Texas 77007

**Defendant Scott H. Greenfield**
1040 Avenue of the Americas
New York, NY 10018

**Defendant Eric Turkewitz**, personally and professionally
228 E 45th St
New York, NY 10017

**Defendant Turkewitz Law Firm**
228 E 45th St
New York, NY 10017

**Defendant Ellie Mystal**
611 Broadway
New York, NY 10012

**Defendant Breaking Media, Inc.**
611 Broadway
New York, NY 10012

**Defendant Sean Boushie**, personally and professionally,
570 Grandview Drive

Stevensville, MT 59870

**Defendant University of Montana**
32 Campus Dr
Missoula, Montana 59812

**Defendant Martin Cain,** personally and professionally
Salisbury, Maryland 21801-6129

**Defendant Dylan Energy**
510 W College Ave
Salisbury, Maryland 21801-6129

**Defendant Steve Dowling**
California
APPLE

**Defendant Bruce Sewell**
California
APPLE

**Douglas D. Chey**, personally and professionally California
830 17th St
Santa Monica, CA

**Defendant Mark Vena**, personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant David Wang**, personally and professionally,
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Synaptics**
3120 Scott Blvd.
Santa Clara, CA 95054

**Defendant Free Speech Coalition**
P.O. Box 10480

Canoga Park, CA 91309

**Defendant Diana Duke,** Personally and Professionally,
**Defendant Free Speech Coalition**
P.O. Box 10480
Canoga Park, CA 91309

**1-500 John and Jane Doe Defendant(s)**

# Cause of Action

1.)  Defamation - 28:1332 Diversity - Libel, Assault, Slander

2.)  Malpractice, Personal Injury Due to Malpractice.    22 USC § 2702 - Malpractice
Protection, 10 USC § 1054 - Defense of certain suits arising   out of Legal Malpractice

3.)  Civil Conspiracy. 42 USC § 1985 - Conspiracy to interfere with Civil Rights, Title 18,
U.S.C., Title 18, U.S.C., Section 241 Conspiracy Against Rights, Title 18, U.S.C., Section
242 Deprivation of Rights Under Color of Law.

4.)   Duty of Care; Breach of Duty, Negligence Tort, Professional Negligence

5.)    18 USC § 1512 - Tampering with a witness, victim, or an informant

6.)  Tortious Interference with Business,  Violation of Civil Rights (42 USC §1983 Cases)

7.)   Anti-Trust Laws, Competition Laws, the Sherman Act, Clayton Act, Antitrust
Procedures and Penalties Act ("APPA" or "Tunney Act")

8.)  18:1964, Racketeering (RICO) Act / 27:1332ri, Racketeering / Corrupt Organization

**Notice:** This case has merit, this case has actual damage caused by Defendants against

Plaintiff. Plaintiff asks this court to not simply dismiss based on her Pro Se Status, and if complaint is not clear to court, Plaintiff Requests this court to appoint Plaintiff Counsel under U.S.C. Code. Plaintiff's Civil and Constitutional rights have clearly been violated by Defendants.

## I. INTRODUCTION

1. **Defendant Marc J. Randazza** Specifically Injured Plaintiff by first being Plaintiff's counsel, then taking private, personal information of his former client and using against his former client to ruin her business, her life, retaliate against her and to defame her in civil conspiracy with other named defendants.

Upon Knowledge and Belief, Defendant Marc J. Randazza is guilty of Malpractice, Defamation, Civil Conspiracy, Negligence, Breach of Duty, and has caused Plaintiff injury, harm; In which Plaintiff is entitled to relief.

Upon Knowledge and Belief,  Defendant Arizona Attorney Marc J. Randazza knowingly lied to judges, WIPO, media and more regarding having a Trademark on Randazza Legal Group and on the name Marc J. Randazza, yet Defendant WIPO, Defendant Judge Gloria Navarro, Defendant Godaddy Inc., and other Defendants simply took massive online media and intellection property from Plaintiff Crystal Cox. This involved Godaddy, and Arizona Company and Arizona Lawyer Defendant Marc J. Randazza.

Defendant Marc J. Randazza conspired to harm Plaintiff, acting with Defendant David Aman and Defendant Kevin Padrick in the court case Obsidian v. Cox to sabotage the Ninth Circuit appeal of that case and to use privileged information and parts of emails to entrap, defame and commit specific injury to Plaintiff Crystal Cox.

Defendant Marc J. Randazza has conspired to harm and threatened Cox with Defendant Ari Bass, Defendant Sean Tompkins, Defendant Free Speech Coalition, Defendant Greenberg Traurig, and other Defendants.

Defendant Marc J. Randazza has lied to federal judges and in WIPO complaints and has caused the specific harm of loss of massive online media, intellectual property, domain names and business of Plaintiff. The District of Arizona should take serious interest in this matter as Godaddy, an Arizona corporation has aided and abetted the actions of Arizona attorney Defendant Marc J. Randazza in violating the rights of Plaintiff. These actions have caused Plaintiff massive stress, targeted her as to receiving massive online hate, ruined her online business, wiped out years of content and online media, put her in danger, and has painted a world wide picture of Plaintiff in the media which is NOT trueful.

Defendant Marc J. Randazza must be stopped from abusing his power as an attorney and destroying the lives of whomever he chooses with total disregard for the law.

**2.** Upon Knowledge and Belief, Defendant Greenberg Traurig was involved in the iViewit technology theft. Marc J. Randazza controls attorney Ronald Green of Randazza legal group, and upon knowledge and belief hired Ronald Green in conspiracy with Greenberg Traurig to directly sabotage iViewit founder Eliot Bernstein and Plaintiff Crystal Cox and thereby suppress the story of the biggest technology theft in the world. Defendant Randazza sued both Cox and Bernstein in order to steal, shut down online media in which exposed Greenberg Traurig's role in the theft of the iViewit Video technology. Defendant Greenberg Traurig conspired with Marc Randazza and Defendant Randazza Legal Group in a way that directly brought harm to Plaintiff Crystal Cox.

3. Defendant Bob Parsons Godaddy, Defendant Jessica Griffith, Defendant GoDaddy Inc. caused the specific injury of loss of online media, loss of business, loss of income, loss of intellectual property, and acted in civil conspiracy upon the stated word of Defendant Marc Randazza and Defendant Ronald Green.

4. Defendant Free Speech Coalition, Defendant Diana Duke have conspired with Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins to threaten, defame, gang stalk, launch hate campaigns to suppress the online media of Plaintiff and her sources Diana Grandmason aKa Desi Foxx, Monica Foster aKa Alexandria Melody.

5. Defendant David Wang, Defendant Synaptics were part of a company called Silicon Graphics, in which was involved in the iViewit Technology theft. Defendant Mark Vena is connected to Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins, Defendant J. Malcom DeVoy and Defendant Randazza Legal Group. Both connections to iViewit and to Porn Industry attorneys, prostitution rings, porn moves through vivid and other connections have motivated Defendant David Wang, Defendant Synaptics, Defendant Mark Vena to conspire with Plaintiffs to intimidate Plaintiff Crystal Cox, threaten her sources, defame her, ruin her reputation and interfere with her business.

6. Upon Knowledge and Belief, Defendant Michael Whiteacre aKa Ari Bass, Defendant Sean M. Tompkins have conspired to harm and defame Plaintiff and have upon knowledge and belief threatened Plaintiffs sources, and hacked into their emails.

7. Defendant WIPO, Peter L. Michaelson, have conspired with Defendant Randazza and other Defendants to steal intellectual property, destroy massive online content, delete websites and defame Plaintiff Cox in worldwide publications.

8. Defendant Kashmir Hill, Defendant Forbes Inc., along with Defendant Kevin Padrick, knowingly stated false statements to a third party regarding Cox and specifically injured Plaintiff Crystal Cox.

9. Defendant WIPO, World Intellectual Property Organization, Defendant Francis Gurry,

Defendant Eric Wilbers, Defendant Edward Kwakwa, Defendant Steven R. Rodgers Intel conspired with Defendant Michaelson and Defendant Randazza to cause specific injury to Plaintiff Cox, such as defamation, loss of business, reputation damage, negligence..

10.  Douglas D. Chey of Hewlett Packard, formerly of SONY, conspired with Defendants to defame Plaintiff Cox and to spread false information regarding the iViewit Technology that was stolen, in part by Doug Chey and the MovieLink, MovieFly Project. Defendant Doug Chey, upon knowledge and belief has conspired with defendants to discredit the iViewit technology theft story in whatever means necessary.

11. Defendant Tracy L. Coenen, Defendant Sequence Inc. has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

12.  Defendant Bruce Sewell, Defendant Steve Dowling, have conspired with Defendant Defendant Roxanne Grinage and Defendant Marc Randazza to discredit the iViewit Technology theft story.

13. Upon Knowledge and Belief,  Defendant David Carr, Defendant New York Times has posted false and defamatory information regarding Plaintiff, in conjunction with other Defendants. This has caused specific injury to Plaintiff Cox.

14. Upon Knowledge and Belief, Defendant Martin Cain, Defendant Dylan Energy has conspired with Defendant Marc Randazza to defame, threaten and intimidate Plaintiff Cox. Defendant Martin Cain, Defendant Dylan Energy has falsified information to government agencies and has torturiously interfered with Plaintiff's ability to do business, with Plaintiff's Clients and has stated false and defamatory information to private parties and government entities regarding Plaintiff Crystal Cox. Defendant Martin Cain, Defendant Dylan Energy has caused Plaintiff Cox damage in Which Cox is entitled to relief.

15. Defendant Kevin D. Padrick, in connection with Defendant Kashmir Hill, Defendant Forbes Inc., and Defendant David S. Aman has falsely stated that Cox was under investigation by the Oregon Attorney General and has Painted Cox in false light and is liable for the specific damage caused to Cox.

16.  Defendant Sean Boushie, Defendant University of Montana has conspired with  Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza and other defendants to defame Plaintiff and to threaten her, intimidate her, make false statements to a third party regarding Cox and has caused Plaintiff Cox injury.

17. Defendant Judge Marco Hernandez conspired with Defendant Kevin D. Padrick, Defendant David S. Aman, Defendant Tonkon Torp, Defendant Marc J. Randazza in stating false information to a third party concerning Cox and painting a picture, flat out stating that Plaintiff Cox

was guilty of the crime of extortion, in which Plaintiff Cox was not on trial for nor under investigation for. Defendants have caused specific harm and are liable for the injury they have caused Plaintiff Cox.

18. Upon Knowledge and Belief, Defendant Steven Wilker,  Defendant Tonkon Torp Law Firm, Defendant Kevin D. Padrick, Defendant David S. Aman have worked in conjunction with Defendant Multnomah County Sheriff Office, Defendant Marshall Ross, and Defendant Daniel Staton to steal the right to appeal from Plaintiff Crystal Cox, as an asset.

19.  Defendant Mark Bennett, Defendant Bennett and Bennett Law Firm, Defendant Scott H. Greenfield, Defendant Eric Turkewitz, Defendant Turkewitz Law Firm, Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC, Defendant David Coursey,  Defendant Bob Garfield, New York Public Radio, Defendant Ellie Mystal, Defendant Breaking Media, Inc. have acted in conspiracy to Paint Plaintiff in false light and are part of an online hate campaign to defame Plaintiff and create the Illusion that Plaintiff Cox was on trial for the crime of extortion and convicted of such, which is not true and has caused massive injury to Plaintiff, in which Plaintiff is entitled to relief.

20.  Defendant Proskauer Rose, Defendant Kenneth Rubenstein, Defendant Gregg Mashberg Defendant Joseph Lecesse, Defendant Jenifer DeWolf Paine,

21. Defendant Jason M. Jones has conspired with other other Defendants to Defame Cox, and has emailed, intimidated Plaintiff Cox and threatened he would take action against her if she did not stand down on her Ninth Circuit Appeal of Obsidian v. Cox.

22.  Defendant Judge Gloria Navarro has acted in conspiracy with Defendant Greenberg Traurig, Randazza Legal Group, Defendant Marc Randazza, Defendant Ronald Green in order to wipe out massive online content, steal domain names, remove search engine results and allow Randazza to lie about trademarks he does not have and without First Amendment Adjudication, wipe out massive intellectual property owned, created by Plaintiff. This has caused Plaintiff Injury and Plaintiff is allowed relief. Defendant Judge Gloria Navarro has accused Plaintiff Cox of being guilty of criminal activity in which Plaintiff Cox was in a civil litigation and not criminal and was denied all rights to due process by Defendant Judge Gloria Navarro.

23. Upon Knowledge and Belief,  Defendant Stephen Lamont has conspired with Defendant Sean Boushie and other defendants to incite hate against Plaintiff Cox, spread false and defamatory statements and has caused Plaintiff Injury.

24.  Defendant Manwin  has conspired with Defendant Randazza Legal Group, Marc J. Randazza, Godaddy and other Defendants to use the courts to create a precedence to steal domain names in mass. As Manwin also has seized domain names with the same exact wordingas Randazza Legal Group and working in conjunction with Randazza Legal Group, and all without First Amendment Adjudication.

**JURISDICTION AND VENUE**

Defendant Jordan Rushie is a Philadelphia attorney. Defendant Mulvihill and Rushie LLC is a Philadelphia law firm, both under Philadelphia laws.  Defendant Roxanne Grinage is a Philadelphia individual and her company hirelyrics is a Philadelphia company.

This Court has subject-matter jurisdiction of this cause  because this civil action arises under Civil Rights Violation under U.S Code, Defamation - 28:1332 Diversity-Libel,Assault,Slander, Malpractice, Negligence Tort, 18 USC § 1512 - Tampering with a witness, victim, or an informant, the First Amendment of the U.S Constitution,  Tortious Interference with Business, and U.S Anti-Trust Laws.

PA Law Firms, Attorneys, Individuals and Corporations acting under PA law have specifically targeted Plaintiff and are acting under PA law, therefore this court is proper.

Plaintiff appears in this action **"In Propria Persona"** and moves this court to proceed in Forma Pauperis, Plaintiff has attached a motion to proceed in Forma Pauperis.

This action arises as a result of Defendant(s) violation of Plaintiff's constitutional rights and, accordingly, this Court has subject matter jurisdiction under 28 U.S.C. 1331, 1343, and 1367, as well as 42 U.S.C. 1983.

This action arises as a result of Defendant(s) violation of Plaintiff's Civil Rights, Constitutional Rights and alleged conspiracy among media, reporters, radios, attorneys and law firms in which do business in PA.

These PA attorneys, law firms, individuals have caused Plaintiff injury and have violated the Civil Rights and Constitutional rights of Plaintiff Crystal L. Cox.

## **Factual Allegations**

The Following is stated Upon the knowledge and belief of Plaintiff Crystal Cox:

Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.

On November 30th 2011, Plaintiff Cox had a one day trial, and was issued a judgement against her for Defamation, in the amount of $2.5 Million Dollars, the Case was District of Oregon

3:11-cv-00057-HZ, Obsidian Finance Group v. Crystal Cox.

On approx., December 7th, 2011 Defendant Kashmir Hill, a Forbes Reporter, interviewed Defendant Kevin Padrick, the Plaintiff in that case, and Published false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

After this time, multiple publications around the world reposted these same false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

Approx. December 10th, 2011 Defendant David Carr interviewed Plaintiff Cox and Defendant Kevin Padrick, and on December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech". Defendant David Carr referred to the false and defamatory statements previously made by Defendant Kashmir Hill in Forbes.

Defendant David Carr insinuated that Plaintiff Cox was guilty of extorting Defendant Padrick. Defendant David Carr posted these statements with knowledge of the facts, as Defendant David Carr interviewed Plaintiff Cox and knew that Cox claimed the email was in response to what attorney Defendant David Aman had sent her. Yet Defendant David Aman lied to Defendant David Carr and Defendant Carr believed Aman over Plaintiff Cox, though the facts were easy to see when the emails were read in context. It is an easily PROVEN fact that Plaintiff Cox sent that eMail in reply to an email from Defendant David Aman, an email threatening a lawsuit. And an email sent after that threat was put into action in a 10 Million Dollar Defamation Lawsuit.

Approx. March 30th, 2012, Defendant Marc Randazza began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old online. Defendant Kashmir Hill then interviewed, spoke with Defendant Marc Randazza and published these same false and defamatory statements to a third party concerning Plaintiff Crystal Cox.

On April 2nd 2012, Defendant Kashmir Hill began publishing false and defamatory statements to a third party concerning Plaintiff Crystal Cox, attacking a 3 year old. Plaintiff Crystal Cox had no blog about a 3 year old, made no statements online about this three year old, yet Defendant Kashmir Hill knowingly posted false and defamatory information regarding Plaintiff Cox.

Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC published false and defamatory statements to a third party concerning Cox, in an article on Philly Law Blow, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012. Defendant Jordan Rushie posted false and defamatory statements regarding Cox being guilty of extortion and attacking a three year old.

On April 6th 2012, Defendant Bob Garfield interviewed Defendant Marc Randazza on Defendant wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show.

Defendant Bob Garfield and Defendant Marc Randazza stated false and defamatory, slanderous statements to a third party concerning Plaintiff Cox. Defendant Bob Garfield and Defendant Marc Randazza accused Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. These false and defamatory statements to a third party concerning Plaintiff Cox in this world wide medium of communication has caused Plaintiff Cox immeasurable, irreparable damage.

On Jun 18th 2012, Defendant Marc Randazza filed a Czech court complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox.

On July 27th 2012, Defendant Marc Randazza filed a WIPO complaint against Plaintiff Cox and Eliot Bernstein, to initiate a domain name dispute. In this case, Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Marc Randazza used Defendant Kashmir Hill, Defendant Jordan Rushie and Defendant David Carr's false and defamatory statements as his evidence to steal the intellectual property of Plaintiff Cox. Defendant Marc Randazza also stated to third party WIPO that Plaintiff Cox was guilty of Extortion and had also extorted him, yet attorney Defendant Marc Randazza had filed no criminal charges against Cox nor allowed her due process of law.

On November, 28, 2012 Defendant Marc Randazza filed a legal action against Plaintiff Cox in the District of Nevada. Defendant Randazza's attorney of record in this case is Ronald D. Green of Randazza Legal Group, the case number is District of Nevada Case 2:12-cv-02040-GMN-PAL. In this legal action, a third party, Defendant Marc Randazza, Cox's former attorney stated that Plaintiff Cox had extorted him and gave the false and defamatory statements of Defendants as his evidence.

Defendant Marc Randazza did not file criminal charges with the "authorities. Nor did Defendant Randazza file charges with the attorney general or any other body of authority, regarding his allegations that Plaintiff Cox had extorted him, was guilty of extortion or had been in a prior case where Cox was found guilty of extortion. Defendant Marc Randazza, an attorney, would certainly know how to file criminal charges. Defendant Marc Randazza violated the rights of his former client, Plaintiff Cox in not filing charges and allowing Cox due process of law. Instead, this well known attorney used world renowned media outlets such as Forbes, the New York Times and NPR, and an international, highly reputable publication put out by WIPO as his court of law, judge and jury and simply pronounced that Plaintiff Crystal Cox was guilty of extortion.

As did Defendant Kashmir Hill, Defendant David Carr, Defendant David Aman, Defendant Kevin Padrick and John and Jane Doe Defendants.

Defendant Marc Randazza used the false and defamatory statements in Forbes and the New York Times made by Defendant Kashmir Hill and Defendant David Carr, as well as the false and defamatory statements made by attorney Defendant Jordan Rushie, as PROOF, evidence in a federal court case, that Plaintiff Cox had acted in "bad faith", had extorted him, and had attacked his child. Judge Gloria Navarro called this evidence "legal commentary" though it was false and defamatory statements made by Defendants to a third party concerning Plaintiff Cox. Consequently Plaintiff Cox lost massive online content, blogs and domain names simply due to the false and defamatory statements of defendants used by Judge Gloria Navarro as factual evidence.

On Nov. 30th 2011, Defendant Peter L. Michaelson, Sole WIPO Panelist, published false and defamatory statements to a third party concerning Plaintiff Cox And Eliot Bernstein in a WIPO publication, which has a widespread, international reader base. Defendant Peter L. Michaelson quoted Defendant David Carr's defamatory and false statements made to a third party concerning Plaintiff and used Defendant Carr and Defendant Hill's false and defamatory statement as evidence against Plaintiff Cox in seizing domain names belonging to her and to Bernstein. Defendant Peter L. Michaelson took the stated word of Defendant Marc Randazza and published these false and defamatory statements to a third party. Defendant WIPO and Defendant Peter L. Michaelson accused Plaintiff Cox of the Crime of Extortion, of which is a false and defamatory statement to a third party, concerning Plaintiff Cox.

After Defendant Peter L. Michaelson's false and defamatory statements to a third party concerning Plaintiff Cox And Eliot Bernstein were published in an International WIPO complaint, Defendant Marc Randazza via his attorney Ronald D. Green of Randazza Legal Group, at this point, used these false and defamatory statements to a third party concerning Plaintiff Cox to further harm, harass, defame and retaliate against Plaintiff Cox, even though Defendant Randazza was the one who made the Statements to WIPO in the first place. At this point the statements in the WIPO publication made by Defendant Peter L. Michaelson of Defendant WIPO BECAME official evidence and proof in Defendant Randazza's case against Plaintiff Cox and Eliot Bernstein (District of Nevada Case 2:12-cv-02040-GMN-PAL).

Next, Judge Gloria Navarro used the "evidence", "legal commentary" and slough of false and defamatory statements as justification to give massive domain names and intellectual property to Defendant Marc Randazza in a preliminary injunction. This wiped out thousands of links, wiped out the search engine ranking of Plaintiff Cox, deleted massive amounts of content that Cox had created online, and damaged her intellectual property and online media. This action by a federal judge also caused a backlash of defamation, harassment, retaliation and loss of reputation, clients, friends and family (caused HARM to Plaintiff Cox).

Defendant Marc Randazza submitted false and defamatory statements by third parties into District of Nevada Case 2:12-cv-02040-GMN-PAL as factual evidence against Cox. Judge Gloria Navarro gave Defendant Marc Randazza the property of Plaintiff Cox without First Amendment

Adjudication, without due process of law based on the false and defamatory statements of Defendants in this case.


## Plaintiff appears in this action "In Propria Persona" and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits" and not simply on her Pro Se Status.

Oftentimes courts do not take Pro Se Litigants serious. I, Plaintiff Crystal Cox wish to be taken serious and to not have my allegation dismissed.

"Court errs if court dismisses pro se litigant without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25. The Court granted such leniency, or "liberal construction," to pro se pleadings against the backdrop of Conley v. Gibson's undemanding "no set of facts" standard. ( See Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."), abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561-63 (2007). This standard epitomized the notice-pleading regime envisioned by the drafters of the Federal Rules, who emphasized discovery as the stage at which a claim's true merit would come to light, rather than pleading. See Christopher M. Fairman, The Myth of Notice Pleading, 45 ARIZ. L. REV. 987, 990 (2003) ("With merits determination as the goal, the Federal Rules create a new procedural system that massively deemphasizes the role of pleadings.").

The Court's failure to explain how pro se pleadings are to be liberally construed. ( See Bacharach & Entzeroth, supra note 7, at 29-30 (asserting that because the Supreme Court never defined the "degree of relaxation" afforded pro se pleadings in comparison to the liberal notice pleading standard applicable to all litigants, lower courts adopted different iterations of the rule). ~ .. indicates its belief that the standard was already lenient enough to render a detailed articulation of the practice unnecessary to prevent premature dismissal of meritorious cases. However, with Bell Atlantic Corp. v. Twombly ( 550 U.S. 544 (2007). and Ashcroft v. Iqbal ( 129 S. Ct. 1937 (2009) retiring the "no set of facts" standard and ratifying the means by which lower courts dismissed more disfavored cases under Conley, ( See generally Richard L. Marcus, The Revival of Fact Pleading Under the Federal Rules of Civil Procedure, 86 COLUM. L. REV. 433, 435-37 (1986) (explaining how the reemergence of fact pleading resulted from lower courts' refusals to accept conclusory allegations as sufficient under the Federal Rules in particular categories of suits).

.. liberal construction as presently practiced is not—if it ever was—sufficient to protect pro se litigants' access to courts. The new plausibility standard ( See Twombly, 550 U.S. at 570 (requiring a complaint to allege "enough facts to state a claim to relief that is plausible on its face").. with which courts now determine the adequacy of complaints disproportionately harms pro se litigants. ( See Patricia W. Hatamyar, The Tao of Pleading: Do Twombly and Iqbal Matter Empirically?, 59 AM. U. L. REV. 553, 615 (2010) (observing a substantially greater increase in the rate of dismissal of pro se suits than represented suits post-Iqbal).

"Pro se complaint[s], 'however inartfully pleaded,' [are] held to 'less stringent standards than formal pleadings drafted by lawyers. ( Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)).

HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652. Whatever may be the limits on the scope of inquiry of courts into the internal administration of prisons, allegations such as those asserted by petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence. We cannot say with assurance that under the allegations of the pro se complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944).

ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE 29 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251. We now consider whether respondent's complaint states a cognizable 1983 claim. The handwritten pro se document is to be liberally construed. As the Court unanimously held in Haines v. Kerner, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id., at 520-521, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)

BALDWIN COUNTY WELCOME CENTER v. BROWN 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f) provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

HUGHES v. ROWE ET AL. 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346. Petitioner's complaint, like most prisoner complaints filed in the Northern District of

Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Maclin v. Paulson, 627 F.2d 83, 86 (CA7 1980); French v. Heyne, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. Cruz v. Beto, 405 U.S. 319, 322 (1972).

Both the right to proceed pro se and liberal pleading standards reflect the modern civil legal system's emphasis on protecting access to courts. ( See, e.g., Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008) ("Few issues . . . are more significant than pleading standards, which are the key that opens access to courts."); Drew A. Swank, In Defense of Rules and Roles: The Need to Curb Extreme Forms of Pro Se Assistance and Accommodation in Litigation, 54 AM. U. L. REV. 1537, 1546 (2005) (noting that "[o]pen access to the courts for all citizens" is one of the principles upon which the right to prosecute one's own case is founded).

**Self-representation has firm roots in the notion that all individuals, no matter their status or wealth, are entitled to air grievances for which they may be entitled to relief.** ( See Swank, supra note 1, at 1546 (discussing the importance of self-representation to the fundamental precept of equality before the law).

Access, then, must not be contingent upon retaining counsel, lest the entitlement become a mere privilege denied to certain segments of society. Similarly, because pleading is the gateway by which litigants access federal courts, the drafters of the Federal Rules of Civil Procedure purposefully eschewed strict sufficiency standards. ( See Proceedings of the Institute on Federal Rules (1938) (statement of Edgar Tolman), reprinted in RULES OF CIVIL PROCEDURE FOR THE DISTRICT COURTS OF THE UNITED STATES 301-13 (William W. Dawson ed., 1938).

In their place, the drafters instituted a regime in which a complaint quite easily entitled its author to discovery in order to prevent dismissal of cases before litigants have had an adequate opportunity to demonstrate their merit. ( See Mark Herrmann, James M. Beck & Stephen B. Burbank, Debate, Plausible Denial: Should Congress Overrule Twombly and Iqbal? 158 U. PA. L. REV. PENNUMBRA 141, 148 (2009), (Burbank, Rebuttal) (asserting that the drafters of the Federal Rules objected to a technical pleading regime because it would "too often cut[] off adjudication on the merits").



Recognizing that transsubstantive pleading standards do not sufficiently account for the capability differential between represented and unrepresented litigants, the Supreme Court fashioned a rule of special solicitude for pro se pleadings. ( See Robert Bacharach & Lyn Entzeroth, Judicial Advocacy in Pro Se Litigation: A Return to Neutrality, 42 IND. L.REV. 19, 22-26 (2009) (noting that courts created ways to ensure that meritorious pro se suits would not be dismissed simply because the litigants lacked legal knowledge and experience, one of which was liberal construction).

Far from just articulating a common systemic value, though, the right to prosecute one's own case without assistance of counsel in fact depends significantly upon liberal pleading standards. ( Cf. Charles E. Clark, The New Federal Rules of Civil Procedure: The Last Phase— Underlying Philosophy Embodied in Some of the Basic Provisions of the New Procedure, 23 A.B.A. J. 976, 976-77 (1937) (commenting that liberal pleading rules were necessary to mitigate information asymmetries between plaintiffs and defendants that often led to premature dismissal of suits).

Notably, in no suits are such information asymmetries more apparent than those in which pro se litigants sue represented adversaries. These types of suits comprise the vast majority in which pro se litigants appear. Cf. Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 FORDHAM URB. L.J. 305, 323 (showing that the majority of pro se cases involve unrepresented plaintiffs who sue governmental defendants).

Plaintiff appears in this action **"In Propria Persona"** and asks that her points and authorities relied upon herein, and issues raised herein, must be addressed **"on the merits"**, Sanders v United States, 373 US 1, at 16, 17 (1963); and addressed with "clarity and particularity", McCleskey v Zant, 111 S. Ct. 1454, at 1470-71 (1991); and afforded " a full and fair" evidentiary hearing, Townsend v Sain, 372 U.S.293, at p.1 (1962). See also Pickering v Pennsylvania Railroad Co., 151 F.2d 240 (3d Cir. 1945).

Pleadings of the Plaintiff SHALL NOT BE dismissed for lack of form or failure of process.

All the pleadings are as any reasonable man/woman would understand, and: "And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and

matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof.

And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and **may at any, time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe** (a)" *Judiciary Act of September 24, 1789*, Section 342, FIRST CONGRESS, Sess. 1, ch. 20, 1789.

## General Allegation / Background

I, Plaintiff Crystal L. Cox re-allege, and fully incorporate all previous paragraphs..

I, Plaintiff Crystal L. Cox Allege as Follows upon my knowledge and belief;

**False and Defamatory Statements were, without a doubt, made by Defendants to a Third Party Concerning Plaintiff and have caused Plaintiff Crystal Cox harm. Therefore Plaintiff Cox is entitled to recovery.**

## False and Defamatory Statements, Plaintiff Cox alleges;

**False and Defamatory Statements made by Defendant Kashmir Hill, Defendant Forbes Inc. to a third party concerning Plaintiff Cox.**

Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Hill, Defendant Forbes.

**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox was unable to make much headway in ruining his Google search results with her

domain-name buying and blogging. So she moved on to Randazza's family members who did not have much online content associated with their names. She bought the domain name for Marc's wife, Jennifer Randazza (and has already started dominating her first page of Google results with her hyperbolic posts). When Randazza still wouldn't buy her services Cox moved on to a younger member of the family:"

Defendant Kashmir Hill, Defendant Forbes has posted this false and defamatory statement to third parties concerning Plaintiff Cox. Defendant Kashmir Hill, Defendant Forbes has no way to prove this statement true, as Plaintiff Cox was never attempting to ruining Defendant Marc Randazza's "Google Search". Plaintiff Cox was fighting back, as she was being attacked by Defendant Marc Randazza and numerous attorney blogger attacking her reputation online, defaming her, harassing her and threatening her. Plaintiff Cox was exercising her right to Free Speech and criticizing Defendant Marc Randazza. Plaintiff Cox, never posted information regarding Defendant Marc Randazza or anyone else and asked for money to remove it. This NEVER happened, in any way, EVER. Plaintiff Cox never threatened that if Defendant Marc Randazza did not buy her services, she would retaliate, and move on to a "younger member of the family". Plaintiff Cox never had a blog regarding a "younger member" of the family. Plaintiff Cox has ever First Amendment right to criticize Jennifer Randazza.

Defendant Kashmir Hill, Defendant Forbes published the above false and defamatory statement to third parties concerning Plaintiff Cox with total disregard for the truth, and seemingly, no fact checking whatsoever.

**Defendant Kashmir Hill, Defendant Forbes stated;**

"Cox is an outlier. Her tactics are extreme ones. But we do now live in a world where money can be made from ruining reputations and then offering to fix them. In the business world there is RipOffReport.com, a site that hosts negative reviews of businesses and offers a paid "ambassador program" to those businesses to help them improve the reviews on the site. There's also a series of sites that dig up people's mug shots from public records and post them so that they appear in those people's search results; they then offer to take them down for a fee.

How do we draw the line between speech rights and digital forms of extortion? It is not a new question for us in the Internet age, but it remains an unanswered one."

Defendant Kashmir Hill, Defendant Forbes insinuates unlawful "tactics" that do not exist nor has Plaintiff Cox ever been under investigation or convicted of such tactics.

False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox by Defendant Kashmir Hill, Defendant Kevin Padrick

"Cox contacted Obsidian and offered them "reputation services." Padrick sent along a copy of an email that Cox sent to his attorney:

## David Aman

| From: | Crystal L. Cox [savvybroker@yahoo.com] |
| Sent: | Wednesday, January 19, 2011 2:23 PM |
| To: | David Aman |
| Subject: | From Crystal L. Cox |

Hello David, I hope this eMail finds you doing well. All said and done, looks like Summit boys going to and Well I don't think that Kevin acted with the Highest of Integrity.. however at this Point in my Life it i to Think of Me.

So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2500 a month to promote Law Firms... Finance Companies.. and to pro online reputations and promote businesses..

Please Let me know if Tonkon Torp or Obsidian Finance is interested in this service..

thanks for your time..

in Love and Light



**Crystal L. Cox**
Investigative Blogger
Real Estate Broker Owner -

**After a failed attempt to get the Oregon Attorney General to investigate Cox, Obsidian filed a defamation case in January 2011,"**

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes

regarding Plaintiff Crystal Cox and an Oregon Attorney General Investigation.

Defendant Kashmir Hill, Defendant Forbes then made false and defamatory statements concerning Plaintiff Cox being investigated by the Oregon Attorney General to a third party. This has caused irreparable harm, stress, and global retaliation against Plaintiff Cox. And has thereby put her under constant attacks, harassment, threats and retaliation and has ruined her life. Each day or week, a new online media source picks up the information from the false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes concerning Plaintiff Crystal Cox

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant (attorney) Kevin Padrick, made false and defamatory statements to third party, Defendant Kashmir Hill, Defendant Forbes regarding Plaintiff Crystal Cox allegedly offering "reputation services" to him, through his attorney, Defendant David Aman. Defendant Kevin Padrick sent a partial eMail, in false light to entrap Plaintiff Crystal Cox for the crime of extortion, there were 5 emails and the email shown above was a direct RESPONSE from Plaintiff Cox in regard to a communication FROM Defendant Kevin Padrick's attorney Defendant David Aman. And the above partial eMail was sent a month after a legal threat communication, and after a 10 million dollar lawsuit was filed against Plaintiff Crystal Cox. The eMail was a private communication between counsel, as Plaintiff Crystal Cox was acting in her Pro Se manner and Defendant David Aman was the attorney of record for Defendant Kevin Padrick in this manner.

The email had the following Tonkon Torp, David S. Aman Disclaimer, of which Plaintiff Crystal Cox believed and relied on in her RESPONSE to Defendant David Aman's communication:

"The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If any portion of this communication is interpreted as providing federal tax advice, Treasury Regulations require that we inform you that we neither intended nor wrote this communication for you to use in avoiding federal tax penalties that the IRS may attempt to impose and that you may not use it for such purpose. If you think you have received this e-mail message in error, please e-mail the sender at david.aman@tonkon.com"

Defendant David Aman did not treat the emails with care, confidentiality, nor protect them from disclosure. Defendant David Aman mislead Plaintiff Crystal Cox, and used partial,

private communications in order to paint Plaintiff Crystal Cox in false light, defame her, harass her, and ruin her life and business. Also note that Defendant David Aman, Defendant Kevin Padrick gave this email to Defendant Kashmir Hill, Defendant Forbes, after they already received a $2.5 million dollar judgement against Plaintiff Cox. Thereby insuring that Plaintiff Cox's life and way to make a living would be ruined, in defamatory retaliation. This was whistleblower retaliation and was unnecessary to the case in any way, as Defendant David Aman, Defendant Kevin Padrick, Defendant Kashmir Hill, and Defendant Forbes, clearly knew the truth BEFORE they maliciously defamed, attacked, harassed, endangered and retaliated against Plaintiff Cox by publishing false and defamatory statements concerning Plaintiff Cox, to a third party.

On December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech". In regard to Plaintiff Cox, Defendant David Carr stated,

"She said she remained convinced that Mr. Padrick would be indicted, "even if I have to stay on it for the next decade." But, as Forbes first pointed out following the verdict, she had been willing to negotiate a cease-fire."

Thereby proving that Forbes knew that the eMail was a way for Cox to show willingness to end the litigation and to "negotiate" a cease-fire, another words to STOP a 10 million dollar lawsuit against her from moving forward. Yet Defendant David Carr and Defendant Kashmir Hill still insinuated and flat out accused Plaintiff Cox of extortion, which is a crime, and did so, based on that same email and set of facts they already admitted to knowing.

Defendant David Carr interviewed Plaintiff Cox and knew that Cox claimed the email was in response to what attorney Defendant David Aman had sent her. Yet Defendant David Aman lied to Defendant David Carr and Carr believed Aman over Plaintiff Cox, though the facts were easy to see when the emails were read in context. It is a an easily PROVEN fact that Plaintiff Cox sent that eMail in reply to an email from Defendant David Aman, an email threatening a lawsuit. And an email sent after that legal threat was put into action in a 10 Million Dollar Defamation Lawsuit against Cox.

**Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Plaintiff Crystal Cox.**

Upon knowledge and belief of Plaintiff Crystal Cox, Defendant (attorney) Marc Randazza, made false and defamatory statements to third party concerning Plaintiff Crystal Cox, Defendant Kashmir Hill, Defendant Forbes regarding his being extorted by Plaintiff Cox, regarding a blog about a 3 year old that never existed.

See Exhibit G, Article Titled "Ugly New Reputation-Smearing Tactic: Going After A Toddler's Internet Footprint", Dated, 04/02/12

"Apparently I was not sufficiently threatened by this tactic, so Cox went on to register: fuckmarcrandazza.com, marcrandazzasucks.com, marcjrandazza.com, marcjohnrandazza.com, She also registered a great many Blogger accounts bearing my name, including markrandazza.blogger.com."

Plaintiff Crystal Cox was not threatening Defendant Marc Randazza, nor was Plaintiff Crystal Cox using any alleged, "tactic". Plaintiff Crystal Cox simply asked her former attorney if he knew anyone that would hire her for marketing, and he went into a rage and retaliation campaign in big media, court documents, radio and online media in order to defame, harass, threaten, and discredit Plaintiff Cox.

Plaintiff Crystal Cox has every lawful and constitutional right to criticize her former attorney Defendant Marc Randazza. Plaintiff Cox never asked for money to remove online comment and Plaintiff Crystal Cox never told Defendant Marc Randazza, or insinuated that she would post false statements if he did not hire her "services". Defendant Marc Randazza and Defendant Kashmir Hill, Defendant Forbes painted this picture, published these false and defamatory statements concerning Plaintiff Crystal Cox to the world through various mediums of communication.

Exhibit G states, "..Perhaps due to the negative attention Cox took down the content she had started publishing on the nataliarandazza.com site." Defendant Marc Randazza stated this false and defamatory statement concerning Plaintiff Cox to Defendant Kashmir Hill, Defendant Forbes.

Defendant Kashmir Hill, Defendant Forbes then stated this false and defamatory statement concerning Plaintiff Cox to third parties. This statement is FALSE and there is no way to prove it true, as Plaintiff Cox never had content on that domain name, especially "negative attention" regarding a 3 year old. It is hard to imagine, or for me to have even fully understand at the moment I read this article, as to what toll it would take on my life. I, Plaintiff Crystal Cox, found that my lifetime friends, the person I loved dearly and was in a relationship with at the time, my family, my clients, online media, blogs, big media, radio, and people and mediums of communication around the world believed that I had targeted a three year old and that I had posted hate about a "toddler".

The backlash this created in my life is without the words to express it's depth of hate,

27

harassment, and retaliation against me, Plaintiff Crystal Cox on a Daily Basis. And this is false and defamatory statement concerning Plaintiff Cox to third parties were not true, and not even based in truth. This lie, this false statement with total disregard for the truth, ruined my life in unimaginable ways.

Defendant Marc Randazza stated this false and defamatory statement concerning Plaintiff Cox, regarding this attack on a three year old, to Defendant Kashmir Hill, Defendant Forbes. Defendant Kashmir Hill then published this to the world in a major media outlet known by every household, worldwide, Defendant Forbes. Defendant Kashmir Hill did not question Godaddy for domain information, did not question Plaintiff Cox, did not have any proof at all that such a blog existed, yet went ahead and posted false and defamatory statement concerning Plaintiff Cox to the World.

Days after Defendant Kashmir Hill published the false and defamatory statements, on April 6th 2012, Defendant Bob Garfield interviewed Defendant Marc Randazza on Defendant wNYC, Defendant New York Public Radio. The show was called "COMBATING "BAD" SPEECH WITH MORE SPEECH", Dated, April 06, 2012. Defendant On the Media, as Exhibits show.

Defendant Bob Garfield and Defendant Marc Randazza stated false and defamatory statements to a third party concerning Plaintiff Cox. Defendant Bob Garfield and Defendant Marc Randazza accused Plaintiff Cox of attacking a child online, of being guilty of extortion, and all manner of unethical and criminal activity. Of which was not true. These false and defamatory statements to a third party concerning Plaintiff Cox in this world wide medium of communication has caused Plaintiff Cox immeasurable, irreparable damage.

It is a fact that Plaintiff Crystal Cox never extorted Defendant Marc Randazza, and it is a FACT that Plaintiff Cox, never had a blog posting negative remarks of any kind regarding a 3 year old.

Defendant Kashmir Hill, Defendant Forbes, in the above statements, makes it seem as if Plaintiff Cox does this "same thing", posts negative reviews and falsehoods and then offers to take them down for a fee. Plaintiff Cox never did this to Defendant Marc Randazza, nor to anyone else, EVER. Yet Defendant Hill is publishing this false and defamatory statement accusing Plaintiff Cox of Habitual Conduct.

Defendant Kevin Padrick, insinuates that Plaintiff Cox posted negative information and falsehoods about him, and then offered to take the information down for a fee. When the

truth is, if this court reviews all the facts, it is easy to see that the email that Defendant
David Aman send to Defendant Kevin Padrick, who then sent this information to Defendant
Kashmir Hill, was an email sent in DIRECT response, a REPLY to an email sent to Plaintiff
Crystal Cox by Defendant David Aman on behalf of his client Defendant Kevin Padrick (
Note, both Aman and Padrick are Oregon Attorneys that were involved in the $40 million
dollar bankruptcy scandal that blogger Cox was reporting on.) The email send to Cox by
Aman on behalf of Padrick, was a legal THREAT. 25 days later Defendant David Aman on
behalf of his client Defendant Kevin Padrick filed a 10 million dollar lawsuit, after this
Plaintiff Cox sent the email to negotiate a settlement. Defendant Kashmir Hill and other
defendants made this email look to be extortion, which was not based in factual evidence.

Defendant Kashmir Hill, Defendant Forbes makes it seem as if Defendant Cox posted
Defamatory information because Padrick refused to pay for her "services".

Defendant Kashmir Hill, Defendant Forbes was reporting on the Obsidian Finance Group
v. Crystal Cox defamation trial, whereby Plaintiff Cox received a $2.5 million dollar
judgement against her. Plaintiff Cox was on trial for a blog post dated December 25th
2010. Plaintiff Cox was not on trial for extortion, nor were emails or extortion allegations
material factors in this case.

Yet, maliciously, negligently, irresponsibly, Defendant Kashmir Hill, Defendant Forbes
published / reported on an email sent between counsel (Cox being Pro Se), a month after
the blog post that Cox was on trial for. The partial, out of context, email that Defendant
Kashmir Hill, Defendant Forbes published was unnecessary to the story, and was not a
material factor of the case. Defendant Hill simply posted this partial email in order to
defame, discredit, harass and attack Plaintiff Cox, with total disregard to the facts of the
case or the issue she was reporting on.

The truth is, the email was a communication between parties of a 10 million dollar litigation,
and was part of one email, out of 5 emails sent after a legal threat and after a lawsuit was
filed AGAINST Cox.

In context, with the ENTIRE reply email, and the surrounding emails, it clearly shows that
Cox flat out stated she would not remove information and that the email was simply a
negotiation of cease fire in order to get attorneys David Aman and Kevin Padrick to STOP
a 10 million dollar litigation. It was a settlement offer, AFTER a legal threat and was AFTER
a 10 million dollar lawsuit was filed against Cox by the parties involved in the eMail.

Plaintiff Cox is an Anti-Corruption Blogger and had been reporting on the unethical practices of Defendant David Aman and Defendant Kevin Padrick for 3 years prior. Plaintiff Cox never, EVER, posted a story, piece, blog post in order to get paid to take it down. Plaintiff Cox remains, to this day, dedicated to reporting on the details of that bankruptcy in order to bring justice and transparency to the U.S. bankruptcy courts.

Be it Defamation by Insinuation or flat out malicious defamation with knowledge of the facts, Defendant Kashmir Hill, Defendant Forbes has the world believing that Plaintiff Cox using her powerful internet marketing skills to attack the online reputation of a 3 year old and to publish bad, negative, or false information and then ask for a fee to remove it. Plaintiff Crystal Cox has never done this, been investigated for such extortionary practices, nor ever convicted of such crimes.

Defendant Kashmir Hill, Defendant Forbes has published false and defamatory statement to third parties concerning Plaintiff Cox, and is liable for the damage they have caused Plaintiff Cox over 17 months and counting.

Also on April 6th, 2012, Defendant Bob Garfield interviewed Trevor Timm of EFF. The show was called "A Problematic Test Case for Bloggers as Journalists".

In this interview, Defendant Bob Garfield heard Trevor Timm speak of the fact that the Obsidian v. Cox trial was about ONE Blog Post dated December 25th, 2010. Yet Defendant Bob Garfield published false and defamatory allegations in regarding to Plaintiff Cox being guilty of extortion, or some tactic in which was extortionary. And Defendant Bob Garfield, along with Defendant Marc Randazza published false and defamatory to a third party regarding Plaintiff Cox, that claimed that Plaintiff Cox had been involved in some sort of ongoing shakedown, or extortion racket, and that Defendant Marc Randazza was one of her victims. However, this was not factual, in any way whatsoever. It was FALSE and Defamatory concerning Plaintiff Cox, and therefore Plaintiff Cox is entitled to recover of damages caused by these false and defamatory statements to a third party, accusing Cox of criminal activity of which she had not participated in, was not under investigation for and had not been convicted of in a court of law.

## Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Marc Randazza.

Defendant Marc Randazza, former attorney to Plaintiff Crystal Cox, went on a 17 month and counting, retaliation and defamatory attack on his former client Plaintiff Crystal Cox

**randazza.wordpress.com, Titled"Judge rules, again, that blogger Crystal Cox is not a journalist. You know why? Because she ISN'T a journalist.", dated March 30th, 2012**

"According to Kash, Padrick's firm found that Cox had created nearly 2,000 websites used to write about other companies. Padrick then said that Cox attempted to offer her "PR and search engine services" in order to fix Obsidian Finance's reputation. Sort of like a protection racket."

This is a false and defamatory statement concerning Plaintiff Cox. It is a malicious statement as Cox offered PR in a settlement negotiation. This was 3 years after she started reporting on Padrick and after Padrick sued Cox. Cox never offerd to fix Obsidian's reputation nor remove blog posts, as surrounding emails show. Plaintiff Cox was Defendant Randazza's attorney at one point and Defendant Randazza has copies of ALL emails in that thread, and has deliberately posted false and defamatory information concerning Cox with knowledge of the facts.

Defendant Randazza is in violation of law in his malicious retaliatory defamation.

"The message was clear. Shame about your messed up reputation. I can fix it for you. Never mind that I'm the one who messed it up."

This is a false and defamatory statement concerning Plaintiff Cox. This is defamation by insinuation and from a defamation lawyer specializing in this field and therefore having a greater duty of care to speak the truth. Especially a lawyer who once represented Plaintiff Cox and had ALL her files, emails and documents concerning the Obsidian case, including emails.

"Hernandez reasoned in his opinion that Cox did not qualify as a journalist. Go figure, given the fact that her writing is barely comprehensible. The only thing clear about it is that she does not seem to write as a journalist or an essayist, but more as an extortionist trying to hide among the bloggers."

This is a false and defamatory statement concerning Plaintiff Cox. Defendant Randazza

again insinuates that Plaintiff Cox is an extortionist and repeatedly slams his former client and publishes false statements.

Defendant Marc Randazza should have a higher degree of care,  as Defendant Randazza was Plaintiff Cox's attorney and knew the facts, and Defendant Marc Randazza knew that Obsidian v. Cox was a Civil Trial, yet Defendant Marc Randazza published false and misleading statement concerning Plaintiff Cox to a third party, knowing full well that Plaintiff Cox was not on trial for, convicted of, or even under investigation for being an "extortionist".

Plaintiff Cox never received money to remove blog posts, never asked to be paid to remove blog posts, and never posted investigative blogging on anyone, in order to later ask for payment of any kind. This is FALSE and Defamatory, and has led to immeasurable, irreparable damage to the life, business, quality of life and interpersonal relationships of Plaintiff Crystal Cox.

Defendant Marc Randazza claims that Plaintiff Cox extorted him too, just as she did Padrick. Yet Crystal Cox had extorted no one, was not under investigation for extortion nor was Cox convicted of extortion. Therefore all statements that Plaintiff Cox is an extortionist or extorted Defendant Marc Randazza or Defendant Kevin Padrick ARE, without a doubt, defamatory and false statement with actual malice, actual knowledge of the facts.

If Defendant Marc Randazza, Defendant David Aman or Defendant Kevin Padrick felt that had been victims of the crime of extortion, then as attorneys, which all 3 of them are, they would know how to file a criminal complaint and therefore allow Plaintiff Cox due process of law in the criminal justice system. However that is not what Defendant Marc Randazza, Defendant David Aman or Defendant Kevin Padrick did.

Instead Defendant Marc Randazza, Defendant David Aman, Defendant Kevin Padrick stated these false and defamatory statements concerning Plaintiff Cox to third party; Defendant Forbes, Defendant Kashmir Hill, Defendant David Coursey, Defendant Bob Garfield, Defendant NPR, Defendant Kenneth White, Defendant David Carr, Defendant New York Times, Defendant Philly Law Blog's Defendant Jordan Rushie, Defendant Peter L. Michaelson, Defendant WIPO, and Defendant 1-25 John and Jane Does.  Who then stated these false and defamatory statements concerning Plaintiff Cox to third party ( the World), via an International WIPO publication, New York Times articles, NPR radio shows, Forbes news articles, legal blogs and more.

Defendant Marc Randazza, published the following false and defamatory statement

regarding Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled "Carlos Miller on Crystal Cox", dated, April 2nd 2012, as shown in Exhibits, Here is the statement:

"He wrote about **the Crystal Cox extortion** case back in December, and I missed the story. He's done as good a job as anyone, if not better, in showing how this is not a bloggers vs. journalists story at all."

Defendant Marc Randazza stated that "the Crystal Cox" was a case of extortion. Defendant Marc Randazza stated, "the Crystal Cox extortion case" on his attorney, legal commentary blog. Defendant Marc Randazza is an attorney and has a greater obligation to the public of care, duty, and negligence.

Extortion is Criminal. Stating the Crystal Cox extortion case implies that Plaintiff Crystal Cox was on trial for and convicted of the CRIME of Extortion. When in TRUTH, Plaintiff Crystal Cox was on trial for defamation in a civil case. Plaintiff Cox was not under investigation of extortion, was not involved in a "Crystal Cox extortion case" and had not been ever convicted of the crime of extortion.

As an attorney of law, Defendant Marc Randazza knew this and yet knowingly posted false and defamatory statements concerning Crystal Cox to a third party.

Also, as a greater degree of care, negligence, breach of duty, breach of confidentiality, and deliberately posting false and defamatory statements concerning Crystal Cox to a third party, with actual knowledge of the facts, Defendant Marc Randazza was acting as Plaintiff Cox's Attorney in December of 2011. Defendant Randazza had a phone conference with Plaintiff Cox, and was given ALL files pertaining to the Obsidian v. Cox Case. Defendant Randazza was negotiating a deal with Defendant David Aman and Defendant Kevin Padrick in this case. Defendant Marc Randazza knew full well that it was a civil trial and that it was in regard to defamation and ONE blog post. And that Obsidian v. Cox was NOT a criminal trial and was not a trial about extortion. Defendant Marc Randazza posted this false and defamatory statements concerning Crystal Cox to a third party maliciously, deliberately and with absolute knowledge that is was false and defamatory.

Defendant Marc Randazza, published the following false and defamatory statement regarding Plaintiff Cox, on The Legal Satyricon, his blog, in an article titled ""How Crystal Cox is helping to prove the strength of the First Amendment"", dated, March 31st, 2012, as shown in Exhibits, Here is the statement:

"The campaign is now about exposing her so that she can't engage in her extortion

scheme against anyone else. Popehat is leading the charge, and naturally, the Legal Satyricon is next to Popehat, shields to shoulders. Sequence, Inc. is part of the solution too, by exposing the attacks on Kevin Padrick, and shining a light on Cox's widespread extortion scheme, so is Philly Law Blog, and before any of the law blogger community jumped on the bandwagon, Salty Droid was out there all by himself, shining a little light "

This is a false and defamatory statement concerning Plaintiff Cox.  Defendant Randazza falsely states that his former client Plaintiff Cox is and has engaged in extortion, and is involved in a an extortion scheme, which is a crime.

### Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant David Carr

Defendant David Carr interview Plaintiff Cox and Defendant Kevin Padrick, and on December 11, 2011, Defendant David Carr published a New York Times Article titled, "When Truth Survives Free Speech".

"She said she remained convinced that Mr. Padrick would be indicted, "even if I have to stay on it for the next decade." But, as Forbes first pointed out following the verdict, she had been willing to negotiate a cease-fire.

"At this Point in my Life it is Time to Think of Me," she wrote in a letter to Mr. Padrick's lawyer, David Aman. "So I want to Let you know and Obsidian Finance that I am now offering PR Services and Search Engine Management Services starting at $2,500 a month," she wrote, to promote "Law Firms" and "Finance Companies" and "to protect online reputations and promote businesses."


What looked to be an unsubtle offer to holster her gun in exchange for a payoff was signed, "In Love and Light, Crystal Cox."

Ms. Cox said that she sent that note in response to a request from Mr. Padrick's attorney — Mr. Aman said he made no such inquiry — and that she was "not on trial for writing e-mails.""

This is a false and defamatory statement concerning Plaintiff Cox.

### Allegations of False and Defamatory Statements published to a third party

**concerning Plaintiff Crystal Cox made by Defendant Tracy Coenen**

**Defendant Tracy Coenen Article Titled "mArc RaNdaZza tAkeS bACk His NAmE", dated February 2nd, 2013.**

"He briefly agreed to represent Crystal Cox, then she changed her mind, got angry with Marc, and decided to register a bunch of domain names using Marc Randazza's name. Then she offered Randazza "reputation management services" (i.e. pay me a monthly fee, or else). When he did not agree to pay her, Cox began posting defamatory content about him on multiple websites. This isn't the first time Cox has done this, and the rest of the world recognizes this as extortion."

Defendant Tracy Coenen obviously knows that Plaintiff Cox was represented in a legal matter by Defendant Randazza, be it brief or not, representation is representation, and as a fraud analyst Defendant Tracy Coenen has a heightened sense of duty of care to find the facts of these matters before posting false and defamatory statements concerning Plaintiff Crystal Cox.

Defendant Tracy Coenen admits to the fact that Randazza represented Cox, and Plaintiff Cox "changed her mind" and become upset with Marc. Indeed, I Plaintiff Cox did, as Defendant Randazza was negotiating a deal with Defendant Aman and Defendant Padrick, on my alleged behalf, of which I knew nothing about. My blogs were to criticize a former attorney for treating me badly, and to exercise my First Amendment right and NOT to extort my ex-attorney.

Defendant Tracy Coenen says that Plaintiff Cox registered domain names in order to later demand that Defendant Marc Randazza pay for reputation services or else. This defamation by "insinuation" is false and defamatory concerning Plaintiff Crystal Cox and is published to a third party. Defendant Tracy Coenen, being a fraud investigator, and knowledgeable in white collar crime, is even more negligent than most in claiming that Plaintiff Cox had engaged in illegal activities. Defendant Tracy Coenen published these false statement knowing they were false, as it was clear that Plaintiff Cox had not been under investigation of extortion or convicted of extortion.

"**Libel by implication** occurs when a defendant (1) juxtaposes a series of facts to as to imply a defamatory connection between them, or (2) creates a defamatory implication even though the particular facts are correct. Toney v. WCCO, 85 F.3d 383 (8th Cir. 1996)." Defendant Tracy Coenen is guilty of defamation by implication, in stating "ie or else.

A publication can convey a false and defamatory meaning by omitting or juxtaposing facts, even though all of the individual statements considered in isolation are literally true or non-defamatory. Turner v. KTRK Television, Inc., 38 S.W.3d 103 (Tex. 2000).

**Implied defamation** occurs when a publication states facts that are literally true, but produces a defamatory meaning apparent from a plain reading of the publication in its entirety. Chapin v. Knight-Ridder, Inc., 993 F.2d 1087 (4th Cir. 1993)

### Defendant Tracy Coenen Stated;

""Crystal Cox didn't only lash out at Marc Randazza. She lashed out at his wife and their three year old daughter. Randazza and his family took Cox to court, alleging cyberpiracy and cybersquatting, among other things. In the meantime, a list of domain names containing Marc Randazza's name and registered by Crystal Cox were turned over to Marc Randazza pursuant to an arbitration decision by the World Intellectual Property Organization (WIPO). The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse consumers.

Defendant Tracy Coenen published false and defamatory statements concerning Plaintiff Cox to a third party in stating that Plaintiff Cox lashed out at a three year old. The Fact is that Plaintiff Cox never, EVER, posted anything regarding this three year old. Defendant Tracy Coenen knowingly published this harassing, retaliatory, false and defamatory statement concerning Plaintiff Cox.

### Defendant Tracy Coenen published false and defamatory statements in concerning Plaintiff Cox being guilty of extortion.

Defendant Kashmir Hill, Defendant Forbes published an email from Plaintiff Cox to Defendant David Aman, and accused Plaintiff Cox of Extortion, which is criminal.

Defendant Marc Randazza also told Defendant Kashmir Hill, Defendant Forbes that Plaintiff Cox had extorted him. Defendant David Carr, Defendant New York Times then published these false and defamatory statements accusing Plaintiff Cox of the crime extortion. Defendant Marc Randazza then took the Defendant David Carr's false and defamatory statements, and the false and defamatory statements of Defendant Kashmir

Hill, Defendant Forbes and filed a complaint with Defendant WIPO using the Forbes and New York Times articles as proof of Plaintiff Cox being GUILTY of extortion. Defendant Marc Randazza claimed to WIPO that Plaintiff Cox was guilty of extortion, had extorted him, and had a pattern and history of extortion. Though Plaintiff Cox had not been under investigation for extortion, on trial for extortion, nor EVER convicted of the crime of extortion.

Defendant Peter L. Michaelson, Panelist for Defendant WIPO then issued an international WIPO publication in which published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and accusing her of the crime of extortion.

Then, Defendant Tracy Coenen published false and defamatory statements to a third party concerning Plaintiff Crystal Cox and the false and defamatory statements made by Defendant Peter L. Michaelson. "The WIPO decision stated that the domain names were registered and used in bad faith by Cox, who was attempting to extort Randazza and confuse consumers".

## Defendant Tracy Coenen article titled, "Stopping Crystal Cox's Harassment and Extortion" dated 7 December 2012.

On top of this article is a copyrighted picture of Plaintiff Crystal Cox taken by Defendant Tracy Coenen and on the picture of Plaintiff Crystal Cox's fact, the words read "Extortionist Crystal Cox", the JPEG file is titled, "crystal-cox-blogger-extortion", and is thereby picked up by the search engine as such.

The picture is defamatory and false statements made to a third party concerning Plaintiff Cox and therefore Defendant Tracy Coenen is liable for damages to Plaintiff Crystal Cox.

## False and Defamatory Statement made by Defendant Tracy Coenen;

"She offered Randazza "reputation management services," whereby she would refrain from posting defamatory things about him on her websites if Randazza paid her enough. That, my friends, is extortion."

This is a false and defamatory statement concerning Plaintiff Cox. Plaintiff Cox did not state to Defendant Randazza that if he paid her she would refrain from posting defamatory statements, this is not true. Tracy Coenen flat out claims that Plaintiff Cox is guilty of

extortion. Tracy Coenen is a fraud analyst and has a greater duty of care to Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

"First she started her extortion plot against Randazza, asking him to pay her a large sum of money, and posting defamatory content on marcrandazza.com when he refused. Cox then registered at least 31 more domain names with all or part of the names of plaintiffs. Defamatory content was added to those websites in an attempt to damage Randazza's reputation and mislead those who might be using a search engine to find Marc Randazza.

Crystal Cox's pricetag to stop the Randazza madness? $5 million. And she told the public that she'd keep registering domain names related to Randazza's name unless a court stopped her from doing so.

Marc Randazza and his family have sued to stop Cox from cybersquatting via domain names that include Randazza's name. And they have nicely outlined some of the interesting tactics Cox has used to terrorize them and others:

'As Cox targets many other individuals with her extortion scheme, the intent to profit is clear. Cox, on information and belief, when targeting other individuals, shows them what she is doing to [Randazza] and his family and uses this as a basis to extract or attempt to extract extortion fees from other third parties.'

"Randazza also says that Cox tried to stop him from testifying in a deposition related to one of the lawsuits against Cox."

This is a false and defamatory statement concerning Plaintiff Cox. The above quote is maliciously false and defamatory. Plaintiff Cox did not ask for money from Randazza. Plaintiff Cox did not terrorize Randazza. Plaintiff Cox exercised her first amendment right to criticize Defendant Randazza. The above statement is filled with false and defamatory statements published to a third party concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, "Crystal Cox: Still an Extortionist"
6 December 2012.

"You may recall that earlier this year, Crystal Cox was up to her old tricks of defaming people on the internet, and offering them "reputation management services," whereby for a nice sum of money she would remove the negative things she wrote about those individuals.

Cox went after Marc Randazza after becoming angry with him over his potential representation of her in another case involving extortion. The original case was noteworthy, not so much because it demonstrated Cox's fondness for attempting to destroy reputations and then offering to repair those reputations for a large sum of money, but because the judge ruled that Crystal Cox is not a journalist. (This is not to be confused with "bloggers are not journalists," which some people incorrectly reported after a key decision in the case. The decision was only that **blogger Crystal Cox** is not a journalist.)

In attempting to destroy Marc Randazza's reputation, Cox bought up a bunch of domain names associated with him, such as marcrandazza.com. Predictably, she offered "reputation management services," whereby if Marc agreed to pay her every month, she would not post  reputation-destroying content about him on her websites.

Cox denied that she was trying to extort money from Randazza, writing on one of her sites (yes, this is verbatim, odd capitalization and all):

This is a false and defamatory statement concerning Plaintiff Cox.

### False and Defamatory Statement made by Defendant Tracy Coenen;

"An arbitration panel issued a decision in favor of Marc Randazza, and has ordered that the domain names marcjohnrandazza.com, marcjrandazza.com, marcrandazza.com, marcrandazza.biz, marcrandazza.info and marcrandazza.mobi be transferred to him.

In that decision, the arbitration panel discusses the extortionist activities of Crystal Cox

(emphasis mine):

> Such websites are not "criticism sites" but merely a pretext for [Cox]'s bad faith **extortionate** use.

[snip]

Third, [Cox] attempted to commercially benefit from registration of these names by offering "reputation management" services to [Randazza] – through baiting [Randazza] into an **extortionate scheme**. Specifically, once [Randazza] declined her "reputation management" services, [Cox] then registered domain names that contained not only [Randazza]'s surname, but also the personal names of his wife and three year old daughter, and then included falsehoods about [Randazza] on her websites to which the domain names resolved. [Cox] would then eliminate such sites, and hence the ensuing injury to [Randazza]'s reputation, only if [Randazza] would purchase her "reputation management" services. Further, [Cox] repeatedly engaged in the same general type of **extortionate conduct** by offering her "reputation management" services to others, including as her targets various business people and third-party attorneys, thus reflecting a pattern of such conduct.

[snip]

Furthermore, [Cox]'s actions in registering and using the disputed domain names may appear, at a first glance, to simply be a vehicle through which she provides advertising through pay-per-click sites, but on slightly closer examination are actually components of an artifice intended to **extort** funds from [Randazza] and thus a pretext for a rather egregious variant of cybersquatting. As such, none of those actions can or will serve as a predicate upon which [Cox] can lawfully develop any rights or legitimate interests in any of the disputed domain names.

[snip]

In any event, for purposes of the Policy the Panel finds [Cox]'s intention, as reflected by the record, was never to solely provide, through her websites, speech critical of [Randazza]. Rather, her objective in both registering and using the disputed names was apparently to engage in a rather sinister and tenacious scheme to **extort** money from [Randazza]. Specifically, [Cox] first posted negative and false commentary on her websites that was intentionally calculated to injure [Randazza]'s on-line reputation and disrupt [Randazza]'s business conducted through his law firm. Thereafter, [Cox] used those sites in a manner that apparently optimized their ranking on the Google search engine in order to increase their visibility and prominence on search results yielded through a Google search of [Randazza], thus likely exacerbating the injury caused to [Randazza]. Once all this occurred, [Cox] then offered her reputational management services to [Randazza] through which, for a considerable fee, she would remediate [Randazza]'s on-line reputation by eliminating all the negative and false commentary of her own making and presumably also ceasing her use of the disputed domain names. Basically, for a price, she would undo the injury to [Randazza] for which she was responsible for having created in the first place. This egregious conduct clearly constitutes bad faith under the Policy.

So there you have it. Another discussion of Crystal Cox that concludes she was trying to extort people, not be an "investigative blogger" or "reputation manager" as she would have you believe."

This is a false and defamatory statement concerning Plaintiff Cox. It is not a defense that Tracy Coenen republished these statements, she is liable for posting false and defamatory statements even if she posts them from another blog / website.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled "Crystal Cox, Extortionist? You Decide"

Dated April 4, 2012

"the story began to focus on acts by investigative blogger Crystal Cox that appeared to be extortionate. Namely, Cox smeared Kevin Padrick and Obsidian Finance using domain names like obsidianfinancesucks.blogspot.com and kevinpadrick.com, then offered to provide them "reputation management services" " he implication was clear: pay me into infinity and I will remove what I posted about you."

This is a false and defamatory statement concerning Plaintiff Cox.

**False and Defamatory Statement made by Defendant Tracy Coenen;**

Defendant Tracy Coenen article titled, ""Investigative Journalist" Crystal Cox Attacks Attorney Kevin D. Padrick", Dated March 31st 2012.

"It gets even better. Crystal Cox then attempted to extort Kevin D. Padrick and Obsidian Finance by offering to provide services to "protect online reputations" for a fee of $2,500 per month. Translation: "Pay me to take down the defamatory material."

**This is a false and defamatory statement concerning Plaintiff Cox.**

"Crystal Cox is hell-bent on destroying people who don't give in to her wishes. She has now gone after Marc Randazza, an attorney she begged to help her with an appeal in the Obsidian case, even going after Marc's wife and three year old daughter." "This tells you what kind of woman we are dealing with: Crystal Cox attacked Marc's innocent wife and three year old daughter."

**This is a false and defamatory statement concerning Plaintiff Cox. It is** not a defense in a court of law the Defendant Marc Randazza told her this and she believed it and posted it, it is false and defamatory.

Nor is it a defense that Defendant Kashmir Hill posted that Plaintiff Cox had a blog about a three year old, or attacked a 3 year old. The only defense against defamation is fact, and there is no way that Defendant Tracy Coenen can prove that Plaintiff Cox extorted Defendant Randazza, had a blog about a three year old, attacked a three year old, was involved in a shakedown, is an extortionist, or was on trial for extortion as Defendant Tracy Coenen stated / published to a third party concerning Plaintiff Cox.

Reposting false and defamatory statements is still defamation.

## Allegations of False and Defamatory Statements published to a third party concerning Plaintiff Crystal Cox made by Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC

Article on Philly Law Blog, by Jordan Rushie, Titled " The Evolution of Crystal Cox: Anatomy of a Scammer", dated, April 3rd 2012.

### Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.

"The trial transcript in Obsidian v. Cox is also now available. At trial, several expert witnesses testified that Kevin Padrick acted entirely appropriately in the Summit bankruptcy. Padrick also explained that when a company goes bankrupt, the money doesn't get taxed when it goes to the trust. This is because taxing the money when it went into the trust would essentially be taxing Summit's creditors, who are the victims, for the misdeeds of Summit. The testimony went uncontroverted."

This is false and defamatory. There were not several expert witnesses that stated that "Kevin Padrick acted entirely appropriately in the Summit bankruptcy". In a 1031 exchange company the creditors most certainly do owe tax if the exchange is not completed properly. The "victims" were parties in the middle of an IRS code 1031 exchange, it was ALL a tax based business and tax issue. Defendant Jordan Rushie has stated falsehoods and painted Plaintiff Cox in false and defamatory light.

Also one must note that there were eternally emails between many attorneys, and the

Department of Justice, in which made the allegations of tax issues with not paying the taxes appropriate of a 1031.

Also note The testimony was also not uncontroverted, as I, Plaintiff Cox provided over 500 documents of proof. This is a false and defamatory statement to a third party concerning Cox.

Crystal L. Cox, Plaintiff, is a Real Estate Broker, essentially an expert herself on a 1031 Exchange.

**Defendant Jordan Rushie, Defendant Mulvihill and Rushie LLC False and Defamatory Statements published to a third party concerning Cox.**

"This is how Crystal Cox's scam works generally: Cox calls herself an investigative blogger / journalist. She posts a bunch of negative stuff about you on the internet. Then she buys a bunch of domain names about you, your family, and your business to make sure all her posts are at the top of a Google search. But lucky for you, Cox also happens to be a "reputation management specialist." Cox then offers to sell you "reputation management services" to clean it all up to the tune of $2500 a month.

As Carlos Miller aptly put it, Crystal Cox "is the cyber equivalent of the mob goons who firebomb your business, before demanding protection money.""
"You may remember that over the weekend I wrote a piece about Crystal Cox, when Cox went after Marc Randazza's three year old daughter after offering to sell Randazza "reputation management" services which he declined.

Yes, you read that right – apparently Crystal Cox went after a three year old when Randazza wouldn't buy reputation management services."

This is a false and defamatory statement concerning Plaintiff Cox. Defendant Rushie flat out lies about Plaintiff Cox. Cox has never offered reputation services as an extortionary tactic. Plaintiff Cox has never asked for protection money nor went after a three year old. This is false and defamatory statements concerning Plaintiff Cox made to a third party by Defendant Jordan Rushie.

"The truth is that this is the "Crystal Cox is not a journalist story because Cox tried to shake down people down and got burned for it" case."

This is a false and defamatory statement concerning Plaintiff Cox.

Defendant Jordan Rushie is an attorney, and therefore has a greater duty of care to not mislead the public as to what the Obsidian v. Cox case was about. Defendant Jordan Rushie insinuates that the Crystal Cox case was about a shakedown, when it was about a $40 million bankruptcy and where the money went once the trustee took over. The blog post in which Cox was on trial for was a financial matter regarding a bankruptcy of a 1031 exchange company. This case was not about a shakedown, nor accusations of one. In fact the email that Defendant Jordan Rushie insinuates is extortionary, was sent a month after the blog post Cox was on trial for and AFTER Cox was sued and had nothing to do with why Cox was on trial.

"Marc Randazza wrote about what Cox did to his wife and 3 year old child. Popehat helped lead the charge to the truth. The New York Times and Forbes followed suit by writing the truth about Crystal Cox – that making defamatory posts and then demanding money for "reputation management" to take it down is not protected speech. David Carr, a writer for the New York Times specifically wrote a piece about how Cox tried the scam on him. Heroically, blogger Kashmir Hill wouldn't be be silenced when it comes to Crystal Cox, and neither would the Salty Droid or our friends over at the Fraud Files blog."

This is a false and defamatory statement concerning Plaintiff Cox. Defendants acted in conspiracy to defame Plaintiff Cox. This statement paints a false and defamatory picture that an anti-corruption blogger, an advocated for victims of corruption has some sort of scam to buy domain names and then write false statements and charge a fee to remove those statements. This is not fact. This is a false and defamatory statement concerning Plaintiff Cox.

"David Aman, Kevin Padrick's attorney, sent a cease and desist letter to Cox on December 22, 2010. Padrick and Obsidian finally filed a lawsuit against Cox alleging defamation on January 14, 2011 in connection with those websites.

Shockingly, on January 19, 2011, just a few days after suit was filed, Cox offered Padrick and Obsidian, through their attorney David Aman, an offer to purchase her reputation management services:
Presumably, the offer was declined."